## THE STATE *vs.* THE TOWN OF CAMPTON.

A bridge, though erected by individuals, yet if dedicated to the public and used freely by them so long as to evince its public usefulness, must be repaired by them.

The duty to repair is now devolved altogether upon towns, and in no cases upon counties.

THIS was an indictment for not repairing a bridge, in the town of Campton, across the Pemigewasset river.

At the trial here under the general issue in November, 1821, it appeared in evidence, that the bridge in dispute was erected about the year A. D. 1789, by the subscriptions of individuals; that a large public road passed near it; that it was used without toll by all travellers till about the year A. D. 1801, when a rise in the river mostly destroyed it; that in A. D. 1802, the town of Campton contributed $300 to erect a new bridge, which was also used freely by the public and repaired from time to time by said town till about 4 years since; that then at the sole expense of the town it was rebuilt, and in October, 1820, again mostly destroyed by an unusual rise of water in the river, and that a beidge in this place was much needed and had been very useful in facilitating travel.

On these facts a verdict was taken against the town, subject to future consideration.

*Sullivan,* for the state.

*Noyes,* for the town.

WOODBURY, J. It seems to be well settled, that a bridge, though not erected by the public, may still become a public charge in respect to its repairs.

The true test seems to be, that the bridge, if dedicated to the public, if used by the public, and found to be of public utility, should not continue a burthen to the individuals who built it. 2 *Inst.* 201, 700.—*Salk.* 359.—2 *Bl. Rep.* 685.— *Com. Di.* " *Chemin,*" B. 1.

A different doctrine would damp the enterprize and liberality of individuals; and when a gift of the above character is thus tacitly received and beneficially employed, the receiver ought to take the burthen with the advantage and make all needful repairs. 6 *Mod.* 307, *The Queen vs. The*

State
*vs.*
Campton.

County of *Wiltz.*—2 *Bl. Rep.* 685, *Inhab. of West Riding of Yorkshire.*—5 *Burr.* 2594, *S. C.*—2 *East* 342.

Though the use and repairs of it by the public may have been under a protest against their liability, and for a shorter period than twenty years, the liability is still fixed, if the bridge be not indicted as a nuisance and be used by the public so long and so much as to evince its usefulness to them. See *Auths. ante.*—5 *Taunt.* 289.—12 *East* 192.—13 *East* 220.—2 *Chitt. Cr. Law* 590.

But whether this liability devolves on the county or the town is a different question, and on English authority would seem to incline in favor of the defendants. Most of the cases in the books of indictments for want of repairs in bridges are against counties or individuals. 2 *Lev.* 111.—3 *Salk.* 77.—*Stiles* 109.—*Cro. Ch.* 365.—1 *Hawk Chap.* 77, *Sec.* 2.— 2 *Chitt. Cr. L.* 589, *and cases there cited.* Though towns and parishes are sometimes liable there by long usage. 2 *Strange* 900, *Rex vs. Inhab. of Hamworth.* So in Massachusetts, in A. D. 1648, the erection and repair of bridges were imposed upon counties in consequence of the unequal burthen they would devolve on different towns.(1) And by our province laws of the 5th of George I.(2) the penalty for injuries received through insufficiency of bridges was imposed on " the province or town respectively to " which of right it belongs to maintain and keep the same in " repair."

This furnishes a strong implication that the duty to repair was here in some cases devolved on counties and in some upon towns; and we all know that province and county roads as well as bridges existed before our present constitution, and were neither of them made a burthen to the towns through which they passed or in which they were built. In this respect they resembled our present turnpike roads and bridges.

But since our statute of Feb. 27th, 1786,(3) the repair of all free roads and bridges seems to belong exclusively to our town corporations. They alone, and not the counties, are empowered to raise money " for making, mending and re-

(1) Col. Char. 55, 269.
(2) Prov. Laws 115, Ed. 1764.

(3) 1 N. H. Laws 386.

" pairing the several highways and bridges" within their boundaries. They alone can appoint surveyors to expend it; and they alone are liable for injuries received through " insufficiency or want of repairs of any highways or brid- " ges in any town or parish in this state."

Under this statute, we are aware of no construction or usage, devolving the repairs of either bridges or roads upon counties; and it would be utterly impossible to define, without an express statute, when a bridge on account of its expence, its length, or its origin, should now be chargeable to the county or a town.

In some towns, intersected by large and numerous streams, the maintenance of bridges is very burthensome; but having been once erected and long used with utility and without toll to the public, the towns cannot be relieved from their repair except by the intervention of the legislature.

*Judgment on the verdict.*