—»»o●●«««—

### JAMES HAYES *vs.* SAMUEL SHACKFORD AND OTHERS.

The doings of the selectmen of towns in laying out highways must be *reduced to* writing, and the writing lodged with the town clerk.
The return of the selectmen in such a case must state how wide the road is laid out.

TRESPASS, for breaking and entering the plaintiff's close, in Barrington, on the 5th November, 1821.

The defendants pleaded in bar an entry to open and make a highway, duly laid out by the selectmen of Barrington, through the *locus in quo.* The plaintiff, in his replication,

not only traversed the existence of the highway, but new assigned the trespass *extra viam*, &c.

The cause was tried here, at February term, 1823, when it appeared in evidence, that the selectmen of Barrington, in July, 1821, surveyed the ground for a highway, through the *locus in quo*, three rods wide, and erected monuments accordingly. On the 28th of the same July, they made a return of their doings in writing, and lodged it with the town clerk. This return described the line, which was intended to be the centre of the highway, but did not state how wide it was to be. On the 5th November, 1821, the defendants entered and opened the road three rods wide, according to the monuments, which the selectmen had erected. On the 24th November, in the same year, the selectmen made and signed a memorandum at the foot of the return, which they had lodged with the town clerk, as follows : " The above men-" tioned road is laid out three rods wide, Nov. 24, 1821."

A verdict was taken, by consent, for the defendants, subject to the opinion of the court upon the above case.

*Hodgdon* and *I. Bartlett*, for the plaintiff.

*Woodman* and *Mason*, for the defendants.

RICHARDSON, C. J. The question to be decided in this case is, whether there was a highway duly laid out by the selectmen of Barrington, through the *locus in quo*, at the time the defendants entered ? The statute of February 8, 1791, entitled " an act for laying out roads," does not, in express terms, require that the doings of selectmen in laying out roads should be reduced to writing, or recorded. But we are of opinion, that their doings must be reduced to writing ; and the writing lodged with the town clerk, before a road can be considered as duly laid out. We ground this opinion upon the obvious utility and necessity of having the doings of the selectmen, in this instance, reduced to writing, and preserved, and upon what is believed to have been the constant usage and practice under this statute in all parts of the state. Was, then, the return, made by the selectmen in this case, in July, 1821, sufficient ? In our opinion it was not. It does not state how wide the road was to be ; and this seems to us to be a fatal objection. In cases of this kind, the property

Hayes
*vs.*
Shackford et a.

of individuals is taken and appropriated to the use of the public ; and it must be important to the owners of the land to know, with a reasonable certainty, how far their property is thus appropriated ; and it is not unimportant to those, whose duty it is to keep roads in repair, to be able easily to ascertain the extent of the easement.

We are, however, of opinion, that the amended return of November 24, 1821, was sufficient. But that return cannot avail the defendants as an answer to this action, because not made until after the acts, of which the plaintiff complains, were done. It is clear, then, in this case, there must be

*A new trial granted.*