## Case No. 6,459.

### HICKS v. FISH.

[4 Mason, 310.] [1]

Circuit Court, D. Rhode Island. Nov. Term, 1826.

PUBLIC HIGHWAY—LIMITS AND DIRECTION—SURVEY—PRESUMPTION FROM PRESCRIPTION.

1. Where a committee of proprietors were authorized to lay out a highway; and they laid it out by a proper description to a certain point, and directed that it should run from thence "as it may be found the most convenient way" to another point, the highway is not legally laid out beyond the first point, for want of certainty.

2. When a highway is laid out, it must have a certainty of limits and direction.

[Cited in Cleveland & T. R. Co. v. Prentice, 13 Ohio St. 378.]

3. But if a highway has been used in a particular direction for a long period, as from forty to sixty years, that affords a presumption that it was legally so laid out, although the evidence may now be lost.

[Cited in Greeley v. Quimby, 22 N. H. 338.]

Trespass quaere clausum fregit [by Weston Hicks against Richard Fish]. Plea, that the locus in quo was a highway in Tiverton. Replication, traversing the fact of its being a highway and issue thereon. At the trial it appeared in evidence, that the proprietors of Tiverton, on the 11th of April, 1781, ordered lots of land to be laid out into convenient ways, &c. In July, 1794, the proprietors appointed a committee to lay out ways, and make partition of lots, ways to be reserved. The committee so appointed afterwards laid out certain ways, and made partition of lots. In the record of the report of their doings, there was the following way described. "Beginning on said eight rod highway, on the south side of lot No. 28, which way is to go the same point of compass with the lots, until it comes even with the south end of the Great Pine Swamp, and from thence as it may be found the most convenient way to the highway at the north end of the pond, commonly called the Little Pond; and the afore-

---

[1] [Reported by William P. Mason, Esq.]

said twenty-eight upland lot is to go equal in breadth, to extend eastward unto the aforesaid Little Pond." The locus in quo was between the Great Pine Swamp and Little Pond. It farther was in evidence, that for a great length of time, from 40 to 60 years, there had been an old travelled road, leading from the Swamp to Little Pond over the locus in quo, and though it being woodland, in some parts new paths were made at some points, yet the road in its old direction had always been used for that period.

Upon this evidence, Bridgham & Hazard, for defendant contended, that defendant was entitled to a verdict, first, because the report of the committee contained a sufficient laying out of the whole road to Little Pond; and secondly and mainly, that at all events the use of the road for from 40 to 60 years was decisive of its legal existence.

Peirce & Searle, for plaintiff, e contra.

STORY, Circuit Justice (summing up to the jury). The court are clear that the highway was not originally laid out by the committee beyond the Great Pine Swamp. Up to that place, it had sufficient certainty of description and location. Beyond that the road was to be in the most convenient way to the highway at the north end of Little Pond. Now a highway cannot be legally created by such a description as this. It must have some definite location and boundaries. It is not sufficient to say, that it shall be in the most convenient direction; that direction must be actually fixed, before it has an existence as a highway. But the evidence of so long a use of the way as a highway, proved by witnesses from forty to sixty years back, is very strong presumptive proof, that this convenient way was afterwards actually laid out and adopted by the proprietors, though the record cannot now be found. Such a long use is, unless rebutted by other evidence, conclusive evidence of a dedication of the way to the public. It appears to us, therefore, if the jury believe the evidence, it warrants a verdict for the defendant.

Verdict for the defendant.