#### IN THE

# SUPERIOR COURT OF JUDICATURE.

#### FOR

## THE COUNTY OF MERRIMACK, JANUARY TERM,

### A. D. 1827.

────────

## Benjamin Pritchard *versus* Simeon Atkinson.

Where a road was laid out over the land of A, in 1796, by the selectmen of the town where the land was ; but the return of the road by the selectmen made no mention of any compensation allowed to A for the road —it was held to be competent for the jury to infer from the circumstances, that the road was made in 1796, and constantly used for seventeen years from that time, as a highway, with the knowledge of A, and without any objection on his part that he had agreed to dedicate the land to the public, and to permit the road to be made and used without receiving any compensation.

Covenant broken. The plaintiff alleged in his declaration that the defendant, by deed, dated December 10, 1813, conveyed to him a tract of land in Boscawen, and by the same deed covenanted with the plaintiff that the same land was free from all incumbrances. The breach

of the covenant assigned was a public highway laid out across the land, previously to said conveyance. The plea of the defendant traversed the existence of a highway, upon which issue was joined.

The cause was tried here at August term, 1826, when the plaintiff produced the copy of a return of a highway, being the same produced upon a former trial of this cause, 3 N. H. Rep. 335, and then produced evidence to prove that the defendant had notice that the road was laid and made over a part of the land in 1796, that he continued to own the land until 1813, and lived in the neighborhood of it, and it did not appear that he ever claimed any thing for damages done to him by the road, or made any objection to it.

The defendant introduced evidence to prove that if the road was laid out from a pine stump in the south line of Manuel's land as mentioned in the record, to the pine near the bridge, it did not pass over any part of the land conveyed to the plaintiff as aforesaid. The plaintiff then introduced evidence tending to show that the selectmen actually made a particular stump near Manuel's land a monument, to which they alluded in the record, and that they actually laid out the road over the said land.

The court instructed the jury, that the said record could not be received as evidence that a road had been duly laid ; but if they believed that the defendant had notice of the laying out and making of the road in 1796, and that he acquiesced in it without any objection up to the year 1813, when he conveyed the land to the plaintiff, it was competent for the jury to infer from such acquiescence that the defendant had agreed to waive all objections to the laying out, and to devote the land to the use of the public without any compensation.

The court further instructed the jury, that the pine stump, from which the selectmen actually laid out the road, must be regarded as the true monument, whether it was in the south line of Manuel's land or not.

The jury having returned a verdict in favor of the plaintiff, the defendant moved for a new trial, on the ground that the jury had been misdirected.

*E. Webster*, for the plaintiff.

*Woodbury* and *Atkinson*, for the defendant.

RICHARDSON, C. J. delivered the opinion of the court.

We have, on another occasion, decided in this cause that the record of the doings of the selectmen of Boscawen in 1796 is so materially defective, that it cannot be received as evidence of a highway : and we shall now proceed to examine the question which arises upon the case as now stated, whether it might legally be left to a jury to infer that the defendant had dedicated the way to the public, from the facts, that the road was actually laid out and made in 1796, and had been used as a public highway with the knowledge of the defendant, and without any objection on his part, from that time till 1813, when he conveyed the land to the plaintiff ? Or, in other words, whether it might be presumed from these facts that the defendant had assented to its becoming a public highway without receiving any compensation ?

" There is" says Lord Mansfield, " a great difference between length of time which operates as a bar to a claim, and that which is used only by way of evidence. A jury is concluded by length of time that operates as a bar, as where the statute of limitations is pleaded in bar to a debt ; though the jury is satisfied that the debt is due and unpaid it is still a bar. So in the case of prescription, if it be time out of mind, a jury is bound to conclude the right from that prescription, if there could be a legal commencement of the right. But any written evidence showing that there was a time when the prescription did not exist is an answer to a claim founded on prescription. But length of time used merely by way of evidence may be left to the consideration of the jury to be credited or not, and to draw their inference one way or the other according to circumstances." Cowper 108.

Pritchard<br>v.<br>Atkinson.

Pritchard
*v.*
Atkinson.

Length of time, when it amounts to a bar, is always a fixed period. In England, the time of memory is fixed to the commencement of the reign of Richard the First, which was the 7th of July, 1189. Every thing done before that time is said to be before the time of memory, and every thing done since is within the time of memory. If a prescription can be shown not to have existed at any time since the 7th July, 1189, it cannot be supported. 2 Rolle's Ab. 269.

So both in England and this country, when length of time is made a bar to an action, real or personal, it is a fixed period.

As a writ of right, which is the highest remedy known to the law for the recovery of land, is in England limited to sixty years, it has been thought there, that the time of memory in relation to prescriptions should be by parity of reason limited to the same period ; because prescriptive rights are in their nature inferior to land. 2 Rolle's Ab. 260. And in this state, as all the remedies in common use to recover lands are in general barred by an uninterrupted adverse possession, for twenty years, it would seem that, upon principle, an uninterrupted and constant use of a way over land for twenty years should be conclusive evidence of a right. But the law is settled to be otherwise. Such a possession and use is evidence of a right but not conclusive evidence.

In the case now before us, it is not disputed, that, if the way had been constantly used with the knowledge of the defendant for twenty years, it would have been evidence of a dedication of it to the use of the public. But it is contended that no use of the way for any period short of twenty years is evidence of such dedication. It seems to us that it will be difficult to maintain this ground upon principle. For if it was expedient and proper to make by statute the peaceable adverse possession of land for twenty years conclusive evidence of a right, how it can be that an uninterrupted use of an easement for nineteen

years is no evidence of a right, is not very easily conceived. But this is a question to be settled by authority.

It is said to be a rule of law in England, that if a man build a bridge and it becomes useful to the county in general, the county shall repair it. 5 Burr. 2597 ; 2 W. Bl. 685 ; 2 East, 356, *note* ; 353, *note* ; and 342 *The King* v. *The West Riding*, *Yorkshire* ; 1 Salk. 359 ; 12 East, 192 ; 7 East, 588 ; 5 Taunt. 285 ; 2 Chitty's C. L. 589.

And we have decided that when individuals erect a bridge and dedicate it to the public, as soon as it has been used long enough to show its public utility, the repair of it becoms a charge upon the public. It is not necessary it should be used twenty years to become so, but it depends upon the enquiry whether it be of public utilty. 2 N. H. Rep. 513, *The State* v. *Campton*,

It must not be supposed, however, that individuals can impose a burthen of this kind upon towns, by building slight bridges over streams in any place where they may choose. Such attempts may be indicted and punished as nuisances. 2 East, 348. It is when they have been used long enough to show their utility without being treated as nuisances, that they become a charge upon the town. 1. Pick. 188.

And it has been held in England, that a private individual who builds a street or otherwise opens a thoroughfare to the public, without erecting any bar to preserve his right of *stoppage*, or even throws open a passage without any visible mark of exclusion or prohibition to persons using it, will, after the expiration of six years, be considered as having dedicated it to the public. 2 Chitty's C. L. 566 ; 11 East, 375, *note* ; 1 Camp. 260.

Some doubt has since been expressed whether a dedication could be presumed in so short a time. 5 Taunt. 124, *Woodyer* v. *Hadden*. And it is very clear, that under all circumstances it could not be presumed in so short a time. It was held in the case last cited, that after nineteen years, the street could not, under the circumstances,

be considered as dedicated to the public for all purposes. Much depends upon the circumstances. When an individual deliberately throws open a road to the public, and permits it to be travelled by all without interruption, we have no doubt that in much less time than twenty years these facts might be left to a jury as evidence of a dedication.

Lord Ellenborough says, 6 East, 215, "I take it that twenty year's exclusive enjoyment of the water in any particular manner, affords a conclusive presumption of right in the party so enjoying it, derived from grant or act of parliament. But less than twenty year's enjoyment may or may not afford such presumption, according as it is attended with circumstances to support or rebut the right." 1 Camp. 463, *Dalston* v. *Bensted.*

It has been decided that an uninterrupted use of a private way for twenty years might be left to a jury as evidence of a grant. 3 East, 294, *Campbell* v. *Wilson* ; 2 Pick. 466, *Hill* v. *Crosby* ; 14 Mass. Rep. 49, *Gayety* v. *Bethune* ; 5 B. & A. 454, *Wood* v. *Veal.*

So the use of a market for twenty-three years was held to be competent evidence to be left to a jury to prove a grant. 1 Bos. & Puller, 400, *Holcroft* v. *Hul*, which is explained in 3 East, 298 ; 2 Saund. 175, *note 2.*

Payment of a bond may be presumed after eighteen or nineteen years under some circumstances. 1 D. & E. 272 ; 10 Johns. 381.

So a person who has been absent seven years and nothing heard of him for that time, may be presumed, under some circumstances, to be dead. Phillip's Ev. 152.

A regular usage for twenty years unexplained and uncontradicted, is sufficient to warrant a jury in finding the existence of an immemorial custom. 2 B. & C. 54, *The King* v. *Joliffe.*

Whoever considers for a moment, attentively, the nature of lapse of time, as evidence of a fact, will perceive the difficulty and absurdity of attempting to fix, in all

cases, a particular length of time which may be considered as evidence, and any less time as affording no proof. For it is very clear that in many cases, the strength of the evidence depends much more upon the attending circumstances than on the length of the time. See Phillip's Ev. 114, 124.

This is well illustrated by a case stated by Phillips, 123. If a tenant for years or for life gives a license to another to enjoy an easement on his land for above twenty years without intermission, this will not affect the person in the reversion or remainder ; but on the determination of the particular estate he may dispute the right to the easement, and the length of possession will not be evidence against him to presume a grant, unless it can be shown that he acquiesced.

Whether the lapse of time is, in any particular case under the circumstances, proper to be submitted to a jury as evidence of a fact, is a question of law to be settled by the court, and must to a certain extent depend upon the circumstances.

And in the case now before us we are of opinion that the defendant's acquiescence in the laying out, making, and use of the road for seventeen years without any objection, was, under the circumstances, competent evidence to be left to a jury as proof that he had dedicated the land to the use of the public without any compensation. It is not an uncommon thing for the owner to give the land for the sake of having a highway. And we have no doubt that it might have been left with propriety to the jury to presume from the defendant's long acquiescence that he received a due satisfaction. We of course think that there was no misdirection to the jury in this respect.

If the plaintiff had relied upon the record as evidence of a highway, it might have been necessary to consider the effect of the mistake in the description of the road in the record. But that is now unnecessary. Because it is

clearly the road which has been actually made and travelled, and in which the defendant has acquiesced, that has become a highway.

*Judgment on the verdict.*