## GREELEY *v.* QUIMBY.

22  335
72  149

A highway may be established by long use. And ordinarily an uninterrupted use of twenty years is competent evidence from which a jury may find a road legally laid out.

Parol evidence cannot be substituted for what the law requires to be in writing. And testimony, which, of itself, discloses the existence of a higher grade of evidence, is secondary and inadmissible.

Where the law required the doings of the selectmen of a town, in laying out a road, to be in writing — *Held*, that the testimony of one of the selectmen that the road had been laid out was inadmissible.

The doings of selectmen in laying out highways under the statute of 1791, should be reduced to writing and lodged with the town clerk; and parol evidence of the laying out of a road, under that statute, cannot be received until the loss of the writings be shown.

CASE. The declaration contained two counts. The first alleged that the plaintiff, on the 13th day of June, 1849, and long before, for more than twenty years, was seised of a certain tract of pasture land, situate in Salisbury, in his demesne as of fee, bounded, &c., and containing one hundred acres, more or less, and during &c., had used and occupied the said close for pasturing sheep, cattle, and other beasts; that through said close a public highway passes from Salisbury south road to Warner, which road divides said pasture, leaving part on one side and the rest on the other; that the water for the use of the cattle and other beasts pastured in said close is upon one side of said highway; that the plaintiff, on said 13th day of June, 1849, used and enjoyed, and for a long time prior, for more than twenty years, had used and enjoyed a cattle-pass, freely and uninterruptedly for the use of such cattle, sheep, and other beasts as he wished to pasture in said close, to pass and repass from one part of said close to the other part. Yet the defendant contriving, &c., on said 13th day of June, 1849, filled up said cattle-pass with stones and dirt, and had ever since kept the same filled up, and obstructed said cattle-pass, from one part of said close to the other, so as to deprive the plaintiff of all profit and beneficial use of said close.

The second count was in the same form, describing the pass

as " a private way for the plaintiff's cattle, sheep, and other beasts to pass and repass from one part of said pasture to the other."

The defendant pleaded the general issue, accompanied by a brief statement, setting forth, " that at the time of the acts and doings alleged in the plaintiff's declaration against the defendant, the said defendant was a surveyor of highways for district number ten, so called, in said Salisbury, duly chosen and qualified ; that the highway and cattle-pass in said declaration mentioned, were within said district, and that all acts and things complained of by the plaintiff against the defendant, were done and performed by the defendant as highway surveyor, and were necessary and proper for the suitable and sufficient repair of said highway, and were rightfully done and performed for that purpose."

The plaintiff, in support of his action, introduced evidence tending to show his title to the premises described in his writ, and that the same had been used and occupied by him as a pasture for cattle and sheep ; that a road passed through the premises, and that there was water for cattle on one side of the road only. He also introduced other evidence tending to prove the allegations in his writ ; among which was the deposition of one B. Pettengill. In this deposition the witness states, that about 1821 or '22, he was one of the selectmen of· Salisbury, and he and one of the other selectmen made an agreement with the plaintiff that, in consideration he would permit the road to pass through his pasture, the selectmen would make a pass or driftway, and make a bridge over the same, and keep the same in repair. They made the agreement in behalf of the town of Salisbury. He could not say whether it was in writing or not. If it was written, it would probably be lodged in the town clerk's office. That there had been a road passing through the plaintiff's land, but he could not say whether any damages were paid or not. The agreement was made to satisfy the plaintiff for the road passing through his land. That the passway was made in pursuance with this agreement, and the town or district had kept the bridge in repair. He did not know who built the pass·

way. That it was built by order of the selectmen. The district agreed to build it, if the town would keep it in repair. The witness was one of the selectmen who laid out the road. He did not recollect the year, but it was sometime before this agreement was made. They found a road there, and for most of the way laid the new road over the old. They awarded the plaintiff no damage. This testimony was excepted to, but admitted by the Court. The plaintiff then introduced evidence to prove that a search had been made in the town clerk's office, and no agreement respecting the passway had been found.

The Court, among other matters, instructed the jury, that if a highway is laid out by the selectmen, with a reservation to an individual of a right to a cattle-pass from one part of his land to another, such a reservation would be legal, and would restrict the rights of the public, and the surveyor as a public officer.

As the decision of the case was based upon the evidence of Pettengill, and the above instructions of the Court, it is not necessary to set forth the other evidence or instructions given.

The jury having returned a verdict for the plaintiff, the defendant moved to set the same aside, and for a new trial, on account of said exception. And the questions arising upon the motion were transferred to this Court for their determination.

*Pierce & Minot*, for the defendant. Pettengill's testimony in relation to the laying out of the road was incompetent. The town records, or a copy of them, are the proper evidence. Parol evidence is inadmissible until the absence of the other is accounted for. The absence of the agreement is accounted for, but not of the laying out.

Pettengill's testimony does not show that the road was laid out with any reservation. It shows an agreement for certain rights to the plaintiff, but not any reservation of them in the laying out. If not incorporated in that, the agreement could not operate as a reservation, or as condition attached to the road, but was an independent contract. His testimony further shows that there could have been no such reservation in the laying out, because the agreement was not made till after.

*Nesmith & Pike*, for the plaintiff.

EASTMAN, J.   A highway may be established by long use. And, ordinarily, a use of twenty years, without interruption, is competent evidence from which a jury may find a road legally laid out.   *State* v. *Campton*, 2 N. H. Rep. 513 ; *Prichard* v. *Atkinson*, 3 N. H. Rep. 335 ; *State* v. *New Boston*, 11 N. H. Rep. 407 ; *Hull* v. *Richmond*, 1 Wood. & Minot's Rep. 337 ; *State* v. *Sartor*, 2 Strobh. 60 ; *Larned* v. *Larned*, 11 Met. Rep. 421 ; *Commonwealth* v. *Miltenberger*, 7 Watts' Rep. 450 ; *Williams* v. *Cummington*, 18 Pick. 312 ; *State* v. *Hunter*, 5 Iredell, 369 ; *Todd* v. *Rowe*, 2 Greenl. Rep. 55 ; *Hicks* v. *Fish*, 4 Mason, 310.

But in this case, the evidence excepted to, did not go to establish a road by long use or dedication, but to show by parol a road duly laid out by the selectmen of the town with certain reservations to the plaintiff.   This evidence, taken in connection with the instructions of the Court bearing upon it, may very probably have been the ground upon which the jury based their verdict.

Under the law, as it stood at the time the road through the plaintiff's land was laid out, as testified to by Pettengill, it was necessary that the doings of the selectmen should be reduced to writing and lodged with the town clerk, before the road could be considered as duly laid.   *Hayes* v. *Shackford*, 3 N. H. Rep. 10 ; *Commonwealth* v. *Merrick*, 2 Mass. Rep. 524.   At the present time, the statute makes it the duty of the selectmen to cause their return to be recorded by the town clerk.   Rev. Stat. chap. 49, § 12.

As the law required that the return of the selectmen, laying out the road, should be in writing, no other proof can be substituted for it, so long as it is in existence and within the power of the party to produce ; for parol evidence cannot be substituted for what the law requires to be in writing.   The return being produced, might be found to be irregular and void, and the witness might be entirely mistaken as to its purport.   1 Greenl. Ev. § 86.   Moreover, the testimony of Pettengill itself, dis-

closes the existence of a higher grade of evidence. It carries upon its face, proof that the laying out was in writing, and therefore comes within the general principle of secondary evidence.

Before the testimony excepted to, in regard to the laying out of the road, could be properly received, it should have been shown that the records and files of the clerk's office had been searched, and that no return of the laying out could be found. We think the verdict must be set aside, and a

*New trial granted.*